Hearing Date: September 27, 2011
Hearing Time: 10:30 a.m.
Location: 219 S. Dearborn St., Courtroom 662
Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| SCHNEIDER, EARL M. | § | Case No. 07-03091 SPS |
| FDBA Estheique Wellness Spa Inc | § | |
| FDBA Earl Schneider DDS, Ltd. | § | Hon. Susan Pierson Sonderby |
| Debtor(s) | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that JAY A. STEINBERG, TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Clerk of the U.S. Bankruptcy Court
No. District of Illinois, Eastern Div.
219 S. Dearborn Street
7th Floor
Chicago   IL   60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at :

10:30 a.m.
on Tuesday, September 27, 2011
in Courtroom 662, U.S. Courthouse
219 S. Dearborn St., Chicago, IL

If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____          By: Kenneth S. Gardner
                                            Clerk of U.S. Bankruptcy Court

Jay A. Steinberg, Trustee
35 E. Wacker Dr., Suite 1550, Chicago, IL 60601

UST Form 101-7-NFR (10/1/2010) *(Page: 1)*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SCHNEIDER, EARL M. | § | Case No. 07-03091 SPS |
| FDBA Estheique Wellness Spa Inc | § | |
| FDBA Earl Schneider DDS, Ltd. | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of              $

and approved disbursements of                   $

leaving a balance on hand of[1]                 $


Claims of secured creditors will be paid as follows:

### NONE


Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JAY A. STEINBERG, TRUSTEE | $ | $ | $ |
| Attorney for Trustee Fees: ARNSTEIN & LEHR LLP | $ | $ | $ |
| Attorney for Trustee Expenses: ARNSTEIN & LEHR LLP | $ | $ | $ |
| Other: Baldi Berg & Wallace | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                              $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 4)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000004 | Marshal P Morris , assignee J. Schneider | $ | $ | $ |

Total to be paid to priority creditors                                                $_____

Remaining Balance                                                                          $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | auG Six, LLC/Prairie Glen Med Off. | $ | $ | $ |
| 000002 | Marshall Morris | $ | $ | $ |
| 000003 | auG Six, LLC/Prairie Glen Med Off. | $ | $ | $ |
| 000005 | Chase Bank USA NA | $ | $ | $ |
| 000006 | American Express Travel Related Services | $ | $ | $ |

UST Form 101-7-NFR (10/1/2010) *(Page: 5)*

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000007 | Schoenberg Fisher | $ | $ | $ |
| 000008 | auG Six, LLC/Prairie Glen Med Off. | $ | $ | $ |
| 000004A | Marshal P. Morris assignee J. Schneider | $ | $ | $ |
| 000010 | Associated Bank N A | $ | $ | $ |

Total to be paid to timely general unsecured creditors           $_____

Remaining Balance                                                $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Jay A. Steinberg_____
Chapter 7 Trustee

JAY A. STEINBERG, TRUSTEE
35 EAST WACKER
SUITE 1550
CHICAGO, IL 60601-0000

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.